Li v. Wilkinson

BIA
Conroy, IJ
A088 794 094

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-one.

PRESENT:
        PIERRE N. LEVAL,
        ROSEMARY S. POOLER,
        STEVEN J. MENASHI,
            *Circuit Judges.*
_____

ZU LUAN LI,
        *Petitioner,*

        v.                                              19-541
                                                        NAC
ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,*
        *Respondent.*
_____

FOR PETITIONER:              Gary J. Yerman, Esq., New York, NY.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting
                            Assistant Attorney General; Linda
                            S. Wernery, Assistant Director;
                            Monica M. Twombly, Trial Attorney,
                            Office of Immigration Litigation,
                            United States Department of
                            Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zu Luan Li, a native and citizen of the People's Republic of China, seeks review of a February 7, 2019, decision of the BIA affirming a November 15, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Zu Luan Li,* No. A 088 794 094 (B.I.A. Feb. 7, 2019), *aff'g* No. A 088 794 094 (Immig. Ct. N.Y. City Nov. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

(2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on discrepancies between Li's statements at his credible fear interview and his subsequent allegations of past persecution. *See* 8 U.S.C.

3

§ 1158(b)(1)(B)(iii). As an initial matter, the interview record was sufficiently reliable because there was a telephonic interpreter, the questions and answers were recorded verbatim in a typewritten document, the questions were designed to elicit details of Li's asylum claim, and Li's responses indicate that he understood the questions. *See Ming Zhang v. Holder*, 585 F.3d 715, 724–25 (2d Cir. 2009). And the agency reasonably relied on Li's omission of significant information that he subsequently asserted as the basis of his claim. At the interview, Li never mentioned that he was arrested, detained for seven days in poor conditions, and beaten. *Id.* at 726 (holding that agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements); *Hong Fei Gao*, 891 F.3d at 78 (holding that "probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"). Li's explanation that he was in distress during his interview does not resolve these key omissions, and his subsequent affidavit prepared to clarify his statements at

4

the interview reflects the same omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on Li's internally inconsistent testimony as to whether he had experienced problems in China arising from something other than his involvement in Falun Gong. On cross-examination, Li said that he did not despite testifying on direct to issues with family planning authorities and submitting his wife's asylum application, which reflected that he had attempted to flee China in 2004 to escape planning restrictions.

Having questioned Li's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony

5

that has already been called into question."). The agency did not err in declining to afford significant weight to letters from Li's family because his family members were interested parties and none of the authors were available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that weight of evidence is matter of agency discretion and deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from alien's friends and family did not provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Similarly, Li's fellow Falun Gong practitioners in the United States were either unavailable to testify or had never seen him practice Falun Gong and his other evidence was not compelling: photographs were undated and it was unclear who took them; and a fine receipt and police summons from China were unauthenticated. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N.

Dec. at 214 n.5 ("The failure to attempt to prove the authenticity of a document . . . is significant."); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (affording IJs "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence and in using documents found to be authentic in making an overall assessment of the credibility of a petitioner's testimony and, ultimately, of h[is] persecution claim").

Given the omission of the primary allegation of persecution at his credible fear interview, the inconsistencies within his testimony and clarifying statements, and the lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence.[1]  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64.  The adverse credibility determination is dispositive of asylum, withholding of

---

[1] We do not reach the IJ's implausibility finding because the remaining findings provide substantial support for the agency's decision. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that remand is futile "*whenever* the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors" (internal quotation marks omitted)).

removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

    For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
